**Erica HELLMANN, Plaintiff,**

v.

**Sgt. Michael GUGLIOTTI, Detective Frank Koshes, Detective Tracy Canale, and Patrolman Harold Setzer Defendants.**

**No. CIV. 3:02CV00079(AWT).**

United States District Court,
D. Connecticut.

Aug. 20, 2003.

Christopher G. Santarsiero, Waterbury, CT, for Plaintiff.

Elliot B. Spector, Michelle N. Holmes, Sack, Spector & Karsten, West Hartford, CT, for Defendants.

## RULING ON MOTION FOR SUMMARY JUDGMENT

THOMPSON, District Judge.

Plaintiff Erica Hellman ("Hellmann") brings this action against four Waterbury police officers, Sergeant Michael Gugliotti ("Gugliotti"), Detective Frank Koshes ("Koshes"), Detective Tracy Canale ("Canale"), and Patrolman Harold Setzer ("Setzer"), pursuant to 42 U.S.C. § 1983, contending that the defendants violated her constitutional rights to be free from warrantless searches, to be free from false arrest and false imprisonment, and to be free from the use of excessive force. The plaintiff originally brought claims against the City of Waterbury and Police Chief Edward Flaherty, which she has withdrawn, *see* Doc. # 22, and she has conceded that the defendants are entitled to judgment as a matter of law on her Sec-

tion 1983 claims alleging denial of due process and denial of equal protection. Finally, the plaintiff brings state law claims for false imprisonment, negligence, and intentional infliction of emotional distress. The defendants have moved for summary judgment as to all the plaintiff's claims. For the reasons set forth below, the defendants' motion is being granted as to Count Four, which includes all of the plaintiff's claims pursuant to 42 U.S.C. § 1983, and the court is declining to exercise supplemental jurisdiction over the remaining claims, which are all state law claims.

## I. Background

Assessing the record in the light most favorable to the plaintiff, and drawing all reasonable inferences in her favor, the material facts for purposes of this motion are summarized below.

At all relevant times, Hellmann resided at 99 Fairwood Avenue, Apartment # 3 in Waterbury, Connecticut. In December of 1999, defendants Koshes and Canale obtained information from a confidential informant that an unknown black male was selling marijuana from 99 Fairwood Avenue, Apartment # 3 in Waterbury. The informant told the defendants that he had previously purchased marijuana from this individual at the same address. The informant then agreed to make a controlled purchase of marijuana from that same address. During the week of December 26, 1999, defendants Koshes and Canale set up a controlled purchase of marijuana; they observed the informant approach Apartment # 3, make a purchase, and return with the marijuana. At other times during that week, defendants Koshes and Canale observed other individuals approach Apartment # 3 and engage in activities that were consistent with narcotics related activity. Defendants Koshes and Canale then applied for a search and seizure war-

rant for 99 Fairwood Avenue, Apartment # 3, Waterbury, which was signed by a Connecticut Superior Court Judge on December 30, 1999.

On that same day, December 30, defendants Gugliotti, Koshes, Setzer, and Canale executed the search and seizure warrant at the plaintiff's residence. A battering ram was used to gain entry to the premises, and the plaintiff contends that the defendants did not knock or otherwise announce their presence before forcibly entering her apartment. The plaintiff and her five-year-old son were in the kitchen when the defendants entered. The defendants proceeded to tell the plaintiff, who was on the telephone, to "hang up the fucking telephone." A protective sweep was then conducted of the plaintiff's apartment.

After the completion of the protective sweep, the officers observed a person fitting the description of their suspect leave Apartment # 4, the apartment adjacent to plaintiff's apartment. A search was conducted of Apartment # 4; drug paraphernalia was found, and the suspect was arrested.

The plaintiff was detained within her home during the protective sweep of her home and also during the subsequent investigation and arrest of the occupant of Apartment # 4. The detention lasted for a period of at least one hour. In addition, the plaintiff maintains that the defendants never showed her the search warrant.

## II. *Legal Standard*

A motion for summary judgment may not be granted unless the court determines that there is no genuine issue of material fact to be tried and that the facts as to which there is no such issue warrant judgment for the moving party as a matter of law. Fed.R.Civ.P. 56(c). *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106

S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Gallo v. Prudential Residential Servs.*, 22 F.3d 1219, 1223 (2d Cir.1994). Rule 56(c) "mandates the entry of summary judgment ... against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *See Celotex Corp.*, 477 U.S. at 322, 106 S.Ct. 2548.

When ruling on a motion for summary judgment, the court must respect the province of the jury. The court, therefore, may not try issues of fact. *See, e.g., Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Donahue v. Windsor Locks Board of Fire Comm'rs*, 834 F.2d 54, 58 (2d Cir. 1987); *Heyman v. Commerce & Indus., Ins. Co.*, 524 F.2d 1317, 1319–20 (2d Cir. 1975). It is well-established that "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of the judge." *Anderson*, 477 U.S. at 255, 106 S.Ct. 2505. Thus, the trial court's task is "carefully limited to discerning whether there are any genuine issues of material fact to be tried, not to deciding them. Its duty, in short, is confined ... to issue-finding; it does not extend to issue-resolution." *Gallo*, 22 F.3d at 1224.

Summary judgment is inappropriate only if the issue to be resolved is *both* genuine *and* related to a material fact. Therefore, the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. An issue is "genuine ... if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248, 106 S.Ct. 2505 (internal quotation marks omitted). A material fact is one that would "affect the

outcome of the suit under the governing law." *Anderson,* 477 U.S. at 248, 106 S.Ct. 2505. As the Court observed in *Anderson:* "[T]he materiality determination rests on the substantive law, [and] it is the substantive law's identification of which facts are critical and which facts are irrelevant that governs." *Id.* at 248, 106 S.Ct. 2505. Thus, only those facts that *must* be decided in order to resolve a claim or defense will prevent summary judgment from being granted. When confronted with an asserted factual dispute, the court must examine the elements of the claims and defenses at issue on the motion to determine whether a resolution of that dispute could affect the disposition of any of those claims or defenses. Immaterial or minor facts will not prevent summary judgment. *See Howard v. Gleason Corp.,* 901 F.2d 1154, 1159 (2d Cir.1990).

When reviewing the evidence on a motion for summary judgment, the court must "assess the record in the light most favorable to the non-movant and ... draw all reasonable inferences in its favor." *Weinstock v. Columbia Univ.,* 224 F.3d 33, 41 (2d Cir.2000)(quoting *Del. & Hudson Ry. Co. v. Consol. Rail Corp.,* 902 F.2d 174, 177 (2d Cir.1990)). Because credibility is not an issue on summary judgment, the nonmovant's evidence must be accepted as true for purposes of the motion. Nonetheless, the inferences drawn in favor of the nonmovant must be supported by the evidence. "[M]ere speculation and conjecture" is insufficient to defeat a motion for summary judgment. *Stern v. Trs. of Columbia Univ.,* 131 F.3d 305, 315 (2d Cir.1997) (quoting *W. World Ins. Co. v. Stack Oil, Inc.,* 922 F.2d 118, 121 (2d Cir. 1990)). Moreover, the "mere existence of a scintilla of evidence in support of the [nonmovant's] position" will be insufficient; there must be evidence on which a jury could "reasonably find" for the nonmovant. *Anderson,* 477 U.S. at 252, 106 S.Ct. 2505.

Finally, the nonmoving party cannot simply rest on the allegations in its pleadings since the essence of summary judgment is to go beyond the pleadings to determine if a genuine issue of material fact exists. *See Celotex Corp.,* 477 U.S. at 324, 106 S.Ct. 2548. "Although the moving party bears the initial burden of establishing that there are no genuine issues of material fact," *Weinstock,* 224 F.3d at 41, if the movant demonstrates an absence of such issues, a limited burden of production shifts to the nonmovant, which must "demonstrate more than some metaphysical doubt as to the material facts, ... [and] must come forward with specific facts showing that there is a genuine issue for trial." *Aslanidis v. United States Lines, Inc.,* 7 F.3d 1067, 1072 (2d Cir.1993)(quotation marks, citations and emphasis omitted). Furthermore, "unsupported allegations do not create a material issue of fact." *Weinstock,* 224 F.3d at 41. If the nonmovant fails to meet this burden, summary judgment should be granted. The question then becomes whether there is sufficient evidence to reasonably expect that a jury could return a verdict in favor of the nonmoving party. *See Anderson,* 477 U.S. at 248, 251, 106 S.Ct. 2505.

## III. *Discussion*

### A. Count Four—42 U.S.C. § 1983

To state a claim under Section 1983 against the defendants, the plaintiff must allege that the defendants, while acting under color of state law, deprived her of a federal constitutional or statutory right. *Am. Mfrs. Ins. Co. v. Sullivan,* 526 U.S. 40, 49–50, 119 S.Ct. 977, 143 L.Ed.2d 130 (1999). Here, the plaintiff contends that the defendant police officers violated her rights to be free from warrantless searches, to be free from false arrest and

false imprisonment, and to be free from the use of excessive force.

### 1. Warrantless Search

■ The plaintiff contends that the defendants violated her Fourth Amendment right to be free from warrantless searches. However, it is undisputed that the defendants were executing a valid search warrant, which erroneously specified the plaintiff's residence as the place to be searched, when they entered her apartment in December 1999.

■ The plaintiff challenges the validity of the warrant, but she concedes that there is a presumption of validity when police officers enter a dwelling pursuant to a warrant signed by a neutral magistrate. *See* Pl.'s Obj. Summ. J., at 6. As the Second Circuit has stated:

> [n]ormally, the issuance of a warrant by a neutral magistrate, which depends on a finding of probable cause, creates a presumption that it was objectively reasonable for the officers to believe that there was probable cause, and a plaintiff who argues that a warrant was issued on less than probable cause faces a *heavy burden.*

*Golino v. City of New Haven,* 950 F.2d 864, 870 (2d Cir.1991)(arrest warrant)(emphasis added) (citations omitted); *see also Rivera v. United States,* 928 F.2d 592, 602 (2d Cir.1991)(search warrant). To challenge the validity of the warrant, the plaintiff must make a *substantial* preliminary showing that the affiant who submitted the affidavit in support of the application for a search warrant knowingly and intentionally, or with reckless disregard for the truth, made a false statement in the affidavit and that the allegedly false statement was necessary to the finding of probable cause. *Golino,* 950 F.2d at 870.

The defendants have offered evidence that the search warrant was properly issued by a neutral magistrate. The plaintiff contends that the defendants acted either with intentional or reckless disregard for the truth in securing the warrant for the plaintiff's apartment, Apartment # 3, rather than for the correct apartment, Apartment # 4. However, the confidential informant specifically identified Apartment # 3 for the defendants as the site of the narcotics activity. Moreover, Apartment # 3 and # 4 are in close proximity, and the plaintiff has offered no evidence to show that the officers knew, or should have known, that they could not rely on the confidential informant's identification.

■ Unsupported conclusory allegations of falsehood or material omission cannot support a challenge to the validity of the warrant; the plaintiff must make specific allegations supported by evidence. *Velardi v. Walsh,* 40 F.3d 569, 573 (2d Cir.1994). No such specific allegations are made in this case. Furthermore, "[t]hose items of evidence that emerge after the warrant is issued have no bearing on whether or not a warrant was validly issued." *Maryland v. Garrison,* 480 U.S. 79, 85, 107 S.Ct. 1013, 94 L.Ed.2d 72 (1987). Here, the plaintiff has not produced evidence that the defendants' actions were taken with an intentional or reckless disregard for the truth in light of the information available to them at the time they secured the warrant.

Consequently, the defendant's motion for summary judgment is being granted as to the warrantless search claim because the defendants acted pursuant to a valid search warrant.

### 2. False Arrest and False Imprisonment

■ The plaintiff also contends that the defendants violated her constitutional rights to be free from arrest without prob-

able cause and to be free from false imprisonment. It is undisputed that the plaintiff was never formally placed under arrest and that she was never handcuffed. She was at liberty to move about her apartment, although she remained within her kitchen for the greater part of the detention. She was allowed to call her father and check on her son in the upper level of her home.

█ It is well settled that "a warrant to search for contraband founded upon probable cause implicitly carries with it the limited authority to detain the occupants of the premises while a proper search is conducted." *Michigan v. Summers*, 452 U.S. 692, 705, 101 S.Ct. 2587, 69 L.Ed.2d 340 (1981). However, the plaintiff contends that the duration of her detention exceeded that which was necessary under the circumstances.

In *Michigan,* the Supreme Court specifically noted that when the search of a home has been authorized by a valid warrant, "the detention represents only an incremental intrusion on personal liberty..." *Id.* at 703, 101 S.Ct. 2587. For "[i]f the evidence that a citizen's residence is harboring contraband is sufficient to persuade a judicial officer than an invasion of the citizen's privacy is justified, it is constitutionally reasonable to require that citizen to remain while officers of the law execute a valid warrant to search his home." *Id.* at 704, 101 S.Ct. 2587. Moreover, the Supreme Court stated:

> The detention of one of the residents while the premises were searched, although admittedly a significant restraint on liberty, was surely less intrusive than the search itself. Indeed, we may safely assume that most citizens—unless they intend flight to avoid arrest—would elect to remain in order to observe the search of their possessions. Furthermore, the type of detention imposed

here is not likely to be exploited by the officer or unduly prolonged in order to gain more information, because the information the officers seek normally will be obtained through the search and not through the detention. Moreover, because the detention in this case was in respondent's own residence, it could add only minimally to the public stigma associated with the search . . . .

*Id.* at 701–702, 101 S.Ct. 2587.

Here, the plaintiff has failed to produce evidence that the defendants unduly prolonged her detention. According to the plaintiff, the entire incident, including the protective sweep of her home and the subsequent investigation and arrest of the occupant of Apartment # 4, lasted no more than an hour. The plaintiff has not produced any evidence that this time was not necessary to conduct an appropriate search. Accordingly, the defendants' motion for summary judgment is being granted as to the claim for false arrest and false imprisonment.

### 3. Excessive Force

█ Finally, the plaintiff contends that the defendants violated her constitutional right to be free from the use of excessive force. A person, even if lawfully detained, has a constitutional right to be free from the use of excessive force. *Graham v. Connor*, 490 U.S. 386, 394, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). "[A ]ll claims that law enforcement officers have used excessive force—deadly or not—in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment 'reasonableness' standard...." *Graham,* 490 U.S. at 395, 109 S.Ct. 1865 (citation omitted). Thus, a police officer is entitled to use such force as is reasonable in light of the circumstances and dangers facing

the officer at the time of the encounter with a citizen. *Id.* at 396, 109 S.Ct. 1865.

The facts material to this claim are undisputed. The defendants used a battering ram against the door to the plaintiff's premises in order to gain entry. The plaintiff concedes that no defendant used physical force against her *person* at any time. However, she contends that the defendants' violent entry into her home constituted the use of excessive force.

■ The Supreme Court has made it clear that the Fourth Amendment guarantee of freedom from the use of excessive force is a guarantee that citizens shall be free from unreasonable seizures of the *person.* *See Graham,* 490 U.S. at 394, 109 S.Ct. 1865; *see also Posr v. Doherty,* 944 F.2d 91, 94–95 (2d Cir.1991)(plaintiff in a Section 1983 excessive force case must show that he was placed in reasonable fear of harmful *bodily* contact or that the defendant engaged in *physical* contact with the plaintiff); *Bourdon v. Roney,* 2003 WL 21058177, at *10 (N.D.N.Y. March 6, 2003)(where plaintiff admits that there was no physical contact between himself and the defendants, the plaintiff has failed to allege an excessive force claim). Accordingly, the defendants' motion for summary judgment is being granted as to the excessive force claim.

**B. Counts One, Two, and Three— State Law Claims**

■ The plaintiff's remaining claims are state law claims for false imprisonment, negligence, and intentional infliction of emotional distress. Under 28 U.S.C.A. § 1367(c)(3), "[t]he district courts may decline to exercise supplemental jurisdiction over a [state law] claim ... if ... the district court has dismissed all claims over which it has original jurisdiction." "[P]endent jurisdiction is a doctrine of discretion, not of plaintiff's right." *United Mine*

*Workers v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

■ While dismissal of the state law claims is not mandatory, *Rosado v. Wyman,* 397 U.S. 397, 403–05, 90 S.Ct. 1207, 25 L.Ed.2d 442 (1970); *Carnegie–Mellon University v. Cohill,* 484 U.S. 343, 350 n. 7, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988), when "all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie–Mellon,* 484 U.S. at 350 n. 7, 108 S.Ct. 614. *See also DiLaura v. Power Authority of New York,* 982 F.2d 73, 80 (2d Cir.1992); *Baylis v. Marriott Corp.,* 843 F.2d 658, 664–65 (2d Cir.1988); *Indep. Bankers Ass'n v. Marine Midland Bank,* 757 F.2d 453, 464 (2d Cir.1985).

Because the court is granting the motion to dismiss all of the plaintiff's claims under Section 1983 and those are the only claims over which the court has original jurisdiction, the court declines to exercise supplemental jurisdiction over the plaintiff's state law claims.

**IV. *Conclusion***

For the reasons stated above, the defendants' Motion for Summary Judgment [Doc. # 22] is hereby GRANTED as to Count Four, and the court declines to exercise supplemental jurisdiction over the state law claims in Counts One, Two, and Three, which are hereby dismissed.

The Clerk shall close this case.

It is so ordered.